# COMPOSITE EXHIBIT "B"

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>WELLINGTON NATIONAL HOLDINGS LLC</u>
Plaintiff                                              Case # )_____

                                                       Judge   _____

vs.

<u>PHILADELPHIA INDEMNITY INSURANCE COMPANY</u>
 Defendant

**II.      AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.      TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☒ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Brittany Lauren Quintana</u>      Fla. Bar # <u>98746</u>
        Attorney or party             (Bar # if attorney)

<u>Brittany Lauren Quintana</u>          <u>08/11/2025</u>
  (type or print name)           Date

NOT A CERTIFIED COPY

Filing # 229144074 E-Filed 08/11/2025 01:38:01 PM

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

WELLINGTON NATIONAL
HOLDINGS, LLC,

     Plaintiff,

v.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

     Defendant.

_____/

## COMPLAINT

Plaintiff, WELLINGTON NATIONAL HOLDINGS, LLC, ("Plaintiff"), sues Defendant,

PHILADELPHIA INDEMNITY INSURANCE COMPANY ("Defendant"), and says:

### The Parties, Jurisdiction and Venue

1. This is an action for damages that exceeds fifty thousand dollars ($50,000.00), exclusive of interest, costs and attorney's fees.

2. Plaintiff, WELLINGTON NATIONAL HOLDINGS, LLC, is a Florida corporation qualified to do business in Florida and has, at all times material hereto, been conducting business in Palm Beach County, Florida.

3. The Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY is a corporation qualified to do business in Florida and has, at all times material hereto, been conducting business in Palm Beach County, Florida.

4. Venue is proper in Palm Beach County, Florida because the contract, which forms the subject matter of this lawsuit, was executed in Palm Beach County, Florida.

5. Venue is also proper in Palm Beach County because the golf course which is the subject Property is located in Palm Beach County, Florida.

6. All conditions precedent to the filing of this lawsuit have occurred, been performed or waived and/or have been excused, including but not limited to the submission of the Notice of Intent to Litigate per Florida law. *See Exhibit "A" attached hereto and incorporated herein.*

### General Allegations

7. At all times material hereto, in consideration of a premium paid by the Plaintiff, there was an insurance policy in full force and effect issued by the Defendant to the Plaintiff.

8. The Plaintiff purchased and paid the premium for a commercial property policy of insurance issued by the Defendant, Policy Number PHPK2669755 (the "Policy"), for property located at 400 Binks Forest Dr, Wellington, Florida 33414 (the "Property").

9. Plaintiff is not in possession of a complete copy of the Policy but believes Defendant to be in possession of a complete copy of the same.

10. Pursuant to the terms of the Policy, the Defendant agreed to provide insurance coverage to the Plaintiff for losses to the Property.

11. On or about October 9, 2024, while the Policy was in full force and effect, the Property sustained a covered loss caused by wind (the "Loss").

12. The Loss was reported to the Defendant, and the Defendant assigned claim number 1677176/PHGC24101677176 to the Loss.

13. The Defendant acknowledged coverage but underpaid for the subject covered loss.

14. Defendant failed to pay the full amount of the Loss as required under the subject Policy and Florida law.

**QUINTANA LAW, PA**

15. Defendant refuses to pay Plaintiff the full value of Plaintiff's damages as required under the Policy and Florida law.

16. The Plaintiff suffered and continues to suffer damages resulting from Defendant's breach of the Policy.

17. The Plaintiff was obligated to retain the undersigned attorney for the prosecution of this action and may be entitled to reasonable attorney's fees and costs pursuant to Florida Statutes.

## Count I- Breach of Contract

Plaintiff re-allege and incorporate paragraphs 1 through 17, as if fully set forth herein.

18. This is a cause of action for breach of contract arising out of the Policy at issue in this action.

19. It is undisputed that the Plaintiff and Defendant entered into a written contract, the Policy, wherein the Plaintiff agreed to pay a premium and the Defendant agreed to insure the Property.

20. The Plaintiff paid the premiums due and owing as contemplated by the Policy and otherwise fully performed its obligations under the Policy.

21. The insured's Property sustained damage for which the Defendant is contractually obligated to provide complete coverage to the Plaintiff as set forth in the Policy.

22. The losses sustained by the insured Property are covered under the Policy. Accordingly, Defendant was obligated to extend insurance coverage and to tender complete insurance benefits to place the insured's Property and Plaintiff in their pre-loss condition.

23. Notwithstanding, Defendant failed to acknowledge full coverage for the subject covered loss and tender complete payment for the subject Loss.

24.     Defendant's actions and failure to pay the full value of Plaintiff's loss as required by the Policy and Florida law constitute material breaches of the Policy.

25.     Plaintiff suffered damages as a direct and proximate cause of the Defendant's conduct.

**WHEREFORE**, Plaintiff, WELLINGTON NATIONAL HOLDINGS, LLC, respectfully demands the entry of judgment by this Court stating:

a. that Plaintiff is entitled to insurance benefits for all losses sustained as a result of the covered insurance claim at issue herein;

b. that Defendant's actions constituted material breaches of the Policy and violations of Florida law;

c. that Plaintiff is entitled to costs and attorney's fees as provided by Florida law;

d. that Plaintiff is entitled to such further relief as this Court deems fair and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all matters that are so triable as a matter of right.

**Dated:** August 11, 2025.

**QUINTANA LAW, PA**
*Attorneys for Plaintiff*
10281 SW 72nd St
Suite B105
Miami, FL 33173
Tel. (305) 376-0821
Primary Email: bquintana@quintanalawpa.com
Secondary Email: paralegal@quintanalawpa.com

By: */s/ Brittany Quintana Marti*
    Brittany Quintana Marti, Esq.
    Fla. Bar No. 98746

4
**QUINTANA LAW, PA**

# EXHIBIT "A"



## Property Insurance Notice of Intent to Initiate Litigation

| | |
|---|---|
| Notice Number: | **252669** |
| Notice Accepted: | **7/10/2025 2:57:14 PM** |

☑ **The submitter hereby states that The Property Insurance Intent to Initiate Litigation Notice is provided pursuant to Section 627.70152, Florida Statutes.**

### Claimant (Insured filing suit under a residential or commercial insurance policy)

| | |
|---|---|
| Name: | **Wellington National Holdings, LLC** |
| Street Address: | **400 Binks Forest Dr.** |
| City, State Zip: | **Wellington, FL 33414** |
| Email Address: | **doug.marty@airguidemfg.com** |
| Policy Number: | **PHPK2669755** |
| Claim Number: | **PHGC24101677176** |

### Attorney

| | |
|---|---|
| Name: | **Brittany Quintana Marti** |
| Street Address: | **10281 SW 72nd St, Suite B105** |
| City, State Zip: | **Miami, FL 33173** |
| Email Address: | **bquintana@quintanalawpa.com** |
| Florida Bar #: | **98746** |
| Firm Name: | **Quintana Law P.A.** |
| Role on Claim: | **Represent Insured** |

\* Pursuant to Section 627.70152, Florida Statutes, the Attorney filing this Notice must provide a copy of this Notice to the Claimant. The Claimant's email address is a required field as this Notice will be transmitted to the Claimant upon submission.

DFS-10-1600



## Notice Details

Insurer Name:

**PHILADELPHIA INDEMNITY INSURANCE COMPANY(18058)**

**\*** Make sure to reference the declarations page on the insurance policy to confirm the legal name of the insurance company. If you are unsure about the correct legal name of the underwriting company, please check with the Secretary of State, Division of Corporations, at www.sunbiz.org, or the Office of Insurance Regulation website at www.companysearch.myfloridacfo.gov to search for an insurer's name.

The Department of Financial Services (Department) does not review entries for accuracy, determine the validity of the allegations, nor verify that the proper insurance company has been selected on the Property Insurance Intent to Initiate Litigation Notice (Notice). This system determines whether a filing is accepted based on whether it contains a response in all required fields necessary to submit a complete Property Insurance Intent to Initiate Litigation Notice. No determination is made as to the legal sufficiency of the information provided by the consumer or their counsel in the submission.

Alleged Acts or Omissions of the Insurer:

**The insured reported a covered loss to the property caused by a tornado. The Insurance Company assigned a claim number and acknowledged cover for the loss but grossly underpaid the subject loss. The insured seeks an additional payment of $1,760,330.8 ACV.**

This Notice is being provided following alleged acts or omissions by the insurer other than the denial of coverage.

| | |
|---|---|
| Presuit Settlement Demand: | **$1,850,331.00** |
| Damages: | **$1,847,331.00** |
| Attorney Fees: | **$2,500.00** |
| Costs: | **$500.00** |
| Disputed Amount: | **$1,847,331.00** |

## Attachments

The following documents were included as part of this Notice. Please open this Notice online to review or download these documents.
1. Estimate.pdf - Estimate

DFS-10-1600

Filing # 229144074 E-Filed 08/11/2025 01:38:01 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

WELLINGTON NATIONAL
HOLDINGS, LLC,

      Plaintiff,

v.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

      Defendant.

_____/

### PLAINTIFF'S NOTICE OF REQUESTING DEPOSITIONS

Plaintiff, WELLINGTON NATIONAL HOLDINGS, LLC, ("Plaintiff"), by and through undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.310, hereby gives notice in writing of requesting Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY ("Defendant"), to make available and provide dates, and all names, so that Plaintiff may take the testimony by deposition upon oral examination of the following (additional witnesses and/or areas of inquiry may be noticed and disclosed as discovery progresses in this matter):

    1.    Defendant's Fla. R. Civ. P. 1.310(b)(6) witness(es), including Defendant's corporate representative. *See Addendum "A" attached.*

    2.    Field Adjuster(s), or independent adjuster(s) who inspected the insured property at issue in this case and/or generated an estimate in connection with the Plaintiff(s) damages, including but not limited to Jeremy Olson and Larry Kaplan.

3.      Any Expert assigned to investigate the underlying insurance claim on behalf of Defendant, including but not limited to Douglas Malawsky, Frank Kynkor, Anthony Ragone, Chris Donoghue and Mike Whitmire.

4.      Any desk adjuster, claim examiner, claim representative or claim specialist who made coverage decisions and/or who corresponded with Plaintiff regarding the claim described in the Complaint, including but not limited to Aaron Davis.

5.      Any claim manager assigned to the underlying insurance claim who was involved in finalizing the coverage determination for the subject claim

Plaintiff(s) seeks to take the depositions of the above individuals. The attendance of any and all witnesses requested herein may be compelled by subpoena as provided in Fla. R. Civ. P. 1.410.

Pursuant to Florida Rule of Civil Procedure 1.310(b)(6), Defendant has a duty to educate and prepare its corporate representative to testify as to all information that is "known or reasonably available" to Defendant regarding or related to the areas of inquiry listed in the attached "Addendum A."

**[Addendum "A" on Next Page]**

**QUINTANA LAW, PA**

**ADDENDUM "A"**
**MATTERS UPON WHICH EXAMINATION WILL BE CONDUCTED**

1.      All communications, in any form, by and between Plaintiff(s) and Defendant, including its respective employees, agents, and representatives. This request includes correspondence, e- mails, letters, memoranda, notes, telephone messages, recorded conversations, statements, and any other documents or materials that are, or reflect, communications by and between Plaintiff(s) and Defendant.

2.      All communications, in any form, by and between any third parties and Defendant, including its respective employees, agents, and representatives, related in any way to the subject loss. This request includes correspondence, e-mails, letters, memoranda, notes, telephone messages, recorded conversations, statements, and any other documents or materials that are, or reflect, communications by and between Defendant and any third parties.

3.      All actions taken by Defendant, including its respective employees, agents, and representatives, to investigate or otherwise handle the subject loss, emergency services and/or repairs to the subject property that is the subject matter of the Complaint.

4.      All inspections or examinations of the subject property conducted by Defendant, including its respective employees, agents, independent contractors, and representatives, with regard to the subject loss that is the subject matter of the Complaint.

5.      All reports generated by Defendant or its agents and/or hired experts relating to the subject Claim.

6.      All payments, formal or informal, that Defendant, including its respective employees, agents, and representatives, has made or offered to Plaintiff(s) or any third party with

3
**QUINTANA LAW, PA**

regard to the subject loss that is the subject matter of the Complaint.

7.      All actions taken by Defendant, including its respective employees, agents, and representatives, to determine the cause of loss at the subject property described in the Complaint, to determine coverage under the insurance policy at issue in this action, and to determine the amount of damages caused by the loss described in the Complaint.

8.      Defendant's Affirmative Defenses and applicable policy language supporting Defendant's denial and/or underpayment of Plaintiffs' Claim and/or claimed damages.

**Dated:** August 11, 2025.

**QUINTANA LAW, PA**
*Attorneys for Plaintiff*
10281 SW 72nd St
Suite B105
Miami, FL 33173
Tel. (305) 376-0821
Primary Email: bquintana@quintanalawpa.com
Secondary Email: paralegal@quintanalawpa.com

By: */s/ Brittany Quintana Marti*
    Brittany Quintana Marti, Esq.
    Fla. Bar No. 98746

4
**QUINTANA LAW, PA**



**JOSEPH ABRUZZO**

# RECEIPT

5906100

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
08/11/2025 04:40
Page 1 of 1

| Receipt Number: 5906100 - Date 08/11/2025  Time 4:40PM | | | |
|---|---|---|---|
| **Received of:** | Quintana Law, P.A.<br>237 S. Dixie Highway<br>Suite 426, FL 33133 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 401.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 401.00 |
| **Receipt ID:** | 12357831 | **Remaining Balance:** | 0.00 |
| **Division:** | AG: Circuit Civil Central - AG(Civil) | | |

| Case# 50-2025-CA-008023-XXXA-MB -- PLAINTIFF/PETITIONER: WELLINGTON NATIONAL HOLDINGS LLC | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 401.00 | 401.00 | 0.00 |
| **Case Total** | **401.00** | **401.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 15967359 | 401.00 |
| **Total Received** | | **401.00** |
| **Total Paid** | | **401.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.

**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.


NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AG"
CASE NO.: 502025CA008023XXXAMB

WELLINGTON NATIONAL HOLDINGS LLC,
    Plaintiff/Petitioner
vs.
PHILADELPHIA INDEMNITY INSURANCE COMPANY,
    Defendant/Respondent.
_____/

### UNIFORM DIFFERENTIATED CASE MANAGEMENT ORDER
### AND ORDER SETTING TRIAL
(DCMGJT)

**THIS MATTER** is a Circuit Civil case calling for a jury trial. Pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.250(a)(1)(B) and 2.545(b), and Fifteenth Judicial Circuit Administrative Order 3.110 (as amended), **Plaintiff/Petitioner is directed to serve this Order upon each Defendant/Respondent with the initial Complaint/Petition and Summons**.

It is hereby **ORDERED AND ADJUDGED** that this case is designated to the **GENERAL TRACK** for time to disposition. The deadlines and procedures set forth in this Order will be strictly enforced unless changed by court order.

Consistent with the Professionalism Expectations of the Florida Supreme Court and the Florida Bar, the parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements. Self-Represented/*Pro Se* Litigants (i.e., those without counsel) are held to the same procedural and legal obligations as are imposed upon counsel.

## I. SCHEDULING

### A. Calendar Call

**YOU MUST APPEAR FOR A MANDATORY CALENDAR CALL on May 21, 2027 at 9:00 am**. The parties must be ready to try the case by that date. The actual trial period begins on the docket associated with this Calendar Call date as provided in Divisional Instructions or by court order.

Calendar Call may be conducted in person, via Zoom or by e-calendar. All parties are instructed to review the Court's Divisional Instructions for specific procedures at www.15thcircuit.com/divisions.

Case No. 50-2025-CA-008023-XXXA-MB

At the Calendar Call, the Court may conduct a final case management conference. Attorneys who appear for Calendar Call must be prepared on all pending matters and have authority to make representations to the Court and enter into binding agreements concerning motions, issues, and scheduling. These include issues raised by the parties' Pre-Trial Stipulation; trial procedures; jury selection procedures; jury instructions and objections; and the need for any special equipment, courtroom facilities, or interpreters. An appearing attorney must be prepared to advise the Court of all attorneys' availability for trial and future hearings as necessary.

**This Order serves as notice to the parties that failure to attend Calendar Call will result in an Order of Dismissal without prejudice, or entry of default, without further notice or hearing.** *See* **Fla. R. Civ. P. 1.200(j)(6).**

B. **Case Management Deadlines**

The following deadlines strictly apply unless otherwise modified by the Court:

| | EVENTS | COMPLETION DEADLINE |
|---|---|---|
| 1. | Service of Complaint | December 9, 2025; service under extension is only by court order. |
| 2. | Answer and/or initial motions/objections directed to the pleadings (i.e. to dismiss or strike) | 20 days after service |
| 3. | Initial Discovery Disclosures | 60 days after service |
| 4. | Amendment of pleadings/Adding parties | April 18, 2026 |
| 5. | Resolution of all motions/objections directed to the pleadings and pleadings closed | June 7, 2026 |
| 6. | Disclosure of Expert Witness(es) | November 2, 2026 |
| 7. | Disclosure of Rebuttal Experts | December 2, 2026 |
| 8. | Inspections, Expert Witness Depositions and Compulsory Examinations completed | February 20, 2027 |
| 9. | File Witness & Exhibit Lists | March 2, 2027 |
| 10. | Completion of Discovery relating to Summary Judgment and *Daubert* Motions | February 20, 2027 |
| 11. | File and Serve Motion(s) for Summary Judgment and *Daubert* Motions | March 2, 2027 |
| 12. | File Rebuttal Witness Lists | March 22, 2027 |
| 13. | Completion of All Discovery | April 11, 2027 |
| 14. | Pre-Trial Meet & Confer | April 21, 2027 |
| 15. | File all Pre-Trial Motions (i.e. Motions in Limine) | April 21, 2027 |
| 16. | Deadline for Mediation | May 11, 2027 |
| 17. | Deposition Designations | May 11, 2027 |
| 18. | File Joint Pre-Trial Stipulation | May 11, 2027 |

Case No. 50-2025-CA-008023-XXXA-MB

| 19. | Deadline to hear ALL Motions | May 16, 2027 |
|---|---|---|
| 20. | Jury Instructions and Verdict Form | May 18, 2027 |
| 21. | Calendar Call/Trial Ready Date | May 21, 2027 |
| 22. | Trial Period | Begins on the docket associated with the above Calendar Call date, as provided in Divisional Instructions or by court order. |

**Note: If the above deadlines fall on a weekend or holiday, please refer to Fla. R. Gen. Prac. & Jud. Admin. 2.514.**

The parties are expected to actively manage the case and to confer early and often to ensure compliance with the Florida Rules of Civil Procedure and this order in timely resolving this case. **The parties are encouraged to file, meet, and make disclosures prior to the deadlines imposed above, in order to ensure compliance with the Rules requiring timely disposition of cases**.

The Court may, at any time, modify this Order by entry of: 1) an Amended Trial Order, 2) an Amended Case Management Order; or 3) any other Order intended to establish a modified case resolution schedule, any of which shall supersede the deadlines set forth in this Order. The Court reserves the authority to expedite the trial setting and amend pretrial deadlines accordingly. The Court further retains its discretion to modify any provision herein.

C. **Motions**

Unless court approval is required to set a particular motion for hearing, the parties must expeditiously set all contested motions for hearing. All non-dispositive motions, including motions directed to the pleadings, must be scheduled for hearing within **five (5) days** of filing. Parties shall schedule the hearing for the first vacancy on the Court's docket when all parties are available. **Failure to schedule a hearing within five (5) days may result in the Court deeming the motion(s) abandoned without further notice or hearing**.

The moving party shall be the party responsible for securing the presence of a court reporter. The moving party shall advise all parties in writing in advance of the hearing or trial of the arrangements made, if any, for the presence of a court reporter, or shall advise all parties in advance of the hearing or trial that the moving party has chosen not to obtain a court reporter.

Before filing a non-dispositive motion, the movant must follow Rule 1.202 and Local Rule 4. Failure to comply with the requirements of Rule 1.202 and Local Rule 4 may result in sanctions against the non-compliant party.

The requirements of Rule 1.202 do not apply when the movant or the nonmovant is unrepresented by counsel *(pro se)*.

Page **3** of **11**

Case No. 50-2025-CA-008023-XXXA-MB

D. **Extensions, Modifications and Continuances**

**Extensions of Deadlines Other than Trial/Calendar Call: All motions to extend deadlines must be filed prior to the deadline**. Untimely motions will be denied absent compelling circumstances and a showing of good cause.

The parties must strictly follow Rule 1.200(e) and Administrative Order 3.110 (as amended) when filing motions for extension or modification. If the parties agree, and the extension will not prevent the case from being trial ready by the original Calendar Call date, the parties may file a motion and submit for the Court's consideration an agreed order or proposed Amended DCMO, as applicable under Rule 1.200(e)(1). The motion shall identify which deadlines are requested to be extended and the basis for the request. Each agreed order or Amended DCMO must contain agreed-upon dates for all remaining deadlines and confirm that the Calendar Call date remains as previously set. The Court will accept the amendment or direct the parties to set a DCM Conference. **Agreements to extend the dates for the filing of Summary Judgment and *Daubert* motions, and for completion of discovery, must be set for hearing, and the parties must be prepared to address how the proposed extension will not affect the Calendar Call date**.

**Motions to Continue Trial:** Motions to continue trial must strictly comply with Rule 1.460. **Motions to continue are disfavored and will rarely be granted and then only upon good cause shown. Successive continuances are highly disfavored. Lack of due diligence in preparing for trial is not grounds to continue the case**. Failure to timely complete discovery and/or file a motion for summary judgment shall not be grounds to continue the trial.

E. **DCM Conferences**

If any party is unable to meet the deadlines set forth in this Order for any reason, including unavailability of hearing time, the affected party must promptly set a DCM conference as described in Administrative Order 3.110 (as amended), identifying the hearing time requested and the pending motion(s). DCM conferences shall be scheduled through online scheduling (OLS) on either the Court's: 1) DCM - Case Management Conference docket; or 2) Uniform Motion Calendar, in accordance with Divisional Instructions.

II. **UNIFORM PRE-TRIAL PROCEDURE**

A. TIMELY SERVICE AND DEFAULTS

Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within ninety (90) days, an Order will be issued directing service by the **ONE-HUNDRED TWENTY (120) DAY DEADLINE**. Failure to comply will result in dismissal of the case or party for lack of service. Any motions to extend the deadline for service must specify why service could not have been effectuated, what is being done to effectuate service and request only that amount of additional time necessary.

Page **4** of **11**

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **thirty (30) days** of the last default and set for hearing at the next available hearing time.

B. <u>INITIAL DISCLOSURES</u>

Within **sixty (60) days after service** on a defendant, and except as exempted by Rule 1.280(a)(2) or as ordered by the court, each party must, without awaiting a discovery request, provide to the other parties initial discovery disclosures in compliance with Rule 1.280(a), unless privileged or protected from disclosure.

C. <u>EXHIBITS AND WITNESSES</u>

No later than **eighty (80) days before Calendar Call**, each party shall file and exchange lists of all trial exhibits, names, and addresses of all trial witnesses. Each party's witness list must include a brief description of the substance and scope of the testimony to be elicited from each witness. Both sides must cooperate in the scheduling of all witness depositions.

Each party's exhibit list shall include each exhibit separately numbered and identified. Generic or prospective designations are not allowed (e.g. insurer's file, documents to be produced, etc.). Each party shall provide for a reasonable time and place for the other parties to review and copy the exhibits.

D. <u>EXPERT WITNESS DISCLOSURES</u>

In addition to the names and addresses of each expert retained to formulate an expert opinion, as well as any hybrid fact/expert witnesses, no later than **two-hundred (200) days before Calendar Call**, the parties must provide:

1. The subject matter about which the expert will testify;
2. The opinions to which the expert will testify;
3. A summary of the grounds and facts for each opinion; and
4. A copy of the expert's curriculum vitae.

**Each expert will be limited to testifying only about those matters which have been fully disclosed.**

Parties shall furnish opposing counsel with two (2) alternative dates of availability of all expert witnesses for the purpose of taking their deposition. All parties shall cooperate in the scheduling of expert depositions.

The parties shall also provide answers to standard form expert interrogatories. All reports or other data compiled by each disclosed expert which are intended to be used by the expert and/or referred to during his/her deposition testimony shall be provided electronically to all opposing parties at least 72 hours prior to the date of the

scheduled deposition.

**Rebuttal/Responsive Experts**

No later than **one-hundred seventy (170) days before Calendar Call**, the parties shall provide opposing counsel with a written list with the names and addresses of all rebuttal/responsive expert witnesses intended to be called at trial and only those rebuttal/responsive expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of all rebuttal/responsive expert witnesses' anticipated testimony to the same extent as the expert disclosure requirement above.

Within **thirty (30) days** following this disclosure, the parties shall make their rebuttal/responsive experts available for deposition. The experts' depositions may be conducted without further Court order.

E. REBUTTAL FACT WITNESSES AND EXHIBITS

No later than **sixty (60) days before Calendar Call**, the parties must file and exchange lists of names and addresses of all rebuttal fact witnesses and lists of any rebuttal exhibits.

F. ADDITIONAL EXHIBITS, WITNESSES OR OBJECTIONS

At trial, the parties will be strictly limited to exhibits and witnesses previously disclosed absent agreement of the parties or order of the Court upon good cause shown. A party desiring to use an exhibit or witness discovered after counsel have conferred must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Failure to reserve objections constitutes a waiver. Use of the exhibit or witness may be allowed by the Court for good cause shown.

G. DEPOSITION DESIGNATIONS

No later than **ten (10) days prior to Calendar Call**, each party must serve deposition designations, or portions of depositions, each intends to offer as testimony. No later than **eight (8) days prior to Calendar Call**, each opposing party is to serve any counter (or "fairness") designations, together with objections to the depositions, or portions thereof, originally designated. No later than **five (5) days before Calendar Call**, each party must serve any objections to counter-designations served by an opposing party.

H. DISCOVERY COMPLETION

All discovery relating to Summary Judgment and *Daubert* motions must be

completed no later than **ninety (90) days prior to Calendar Call**.

All discovery must be completed no later than **forty (40) days prior to Calendar Call**.

Rulings as to admission on late discovery will be made on a case by case basis. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

I.  COUNSEL MEETING AND PRE-TRIAL STIPULATION

Counsel or the parties, if not represented by counsel, shall meet in person at a mutually convenient time and place no later than **thirty (30) days before Calendar Call** to discuss settlement, simplify the issues, and stipulate to as many facts and issues as possible, and prepare a Pre-Trial Stipulation in accordance with this paragraph.

It shall be the duty of Plaintiff's counsel to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **ten (10) days prior to Calendar Call. UNILATERAL PRE-TRIAL STIPULATIONS ARE DISALLOWED, UNLESS APPROVED BY THE COURT AFTER NOTICE AND HEARING**. If a party does not receive a substantive response to a proposed Pre-Trial Stipulation after good faith effort, such party shall file a unilateral Pre-Trial Stipulation with a certification of all efforts that were made to confer with the opposing party. Counsel for all parties are charged with good faith cooperation in preparing the Pre-Trial Stipulation, and the parties shall make exhibits available for inspection and copying. Failure to cooperate in preparing the Pre-Trial Stipulation may result in striking pleadings, witnesses, or exhibits.

The Pre-Trial Stipulation must contain the following in separately numbered paragraphs:

1. Names and contact information of attorneys to try case.
2. A list of all pending motions requiring action by the Court. **Motions not listed are deemed abandoned or waived**.
3. A statement of estimated trial time, including the total number of trial days anticipated, and the time needed per side for (1) jury selection, (2) opening arguments, (3) each case in chief, and (4) closing arguments.
4. **Statement of the Facts:** A concise statement of the facts in an impartial, easily understandable manner which may be read to the jury.
5. **Statement Facts and Agreed Rules of Law:** A list of any stipulated facts requiring no proof at trial and any agreed rules of law.
6. **Statements of Disputed Law & Fact:** A statement of disputed issues of law and fact that are to be tried.
7. **Witness Lists:** Parties must attach their previously filed Witness Lists, including rebuttal or impeachment witnesses. If any party objects to any

Case No. 50-2025-CA-008023-XXXA-MB

witness, such objections must be stated in the Stipulation, setting forth the grounds with specificity. At trial, all parties will be strictly limited to witnesses properly and timely disclosed. Only those witnesses listed by NAME will be permitted to testify at trial.

8. **Exhibit Lists:** Parties must attach their previously filed Exhibit Lists. All exhibits to be offered in evidence at trial must have been made available to opposing counsel for examination. Only those exhibits listed may be offered in evidence. If any party objects to the introduction of any such exhibit, such objection must be stated in the Pre-Trial Stipulation, setting forth the grounds with specificity. Demonstrative exhibits (e.g. PowerPoints, charts, enlargements of exhibits) to be used at a Jury Trial must be displayed to all counsel before being shown to the jury. All exhibits must be pre-marked and numbered consistent with Clerk guidelines.

9. **Jury Instructions:** Counsel must identify all agreed-upon standard jury instructions and all special instructions. Any objections or disputed jury instructions must be attached and identified as to the party that proposed the instruction [indicated in redline/track changes]. Copies of all agreed-upon instructions or disputed instructions must be attached to the Stipulation as one document, redlined as necessary, along with copies of supporting statutory citations and/or case law.

10. **Verdict Forms:** The jury verdict form must be attached and designated as agreed to or disputed.

11. **Peremptory Challenges:** State the number of peremptory challenges for each party.

12. Other agreements or issues for trial, if any.

Failure to file a Joint Pre-Trial Stipulation as provided above may result in Court-imposed sanctions, including dismissal or default without further notice of the Court.

J.  MOTIONS

**Summary Judgment and *Daubert* Motions** must be filed at least **eighty (80) days before Calendar Call**. The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions and motions in limine), deposition objections, and expert challenges must be filed, served and heard at least **five (5) days before Calendar Call**.

K.  PRE-MARKING EXHIBITS

Prior to trial, each party is to mark for identification all exhibits in accordance with the guidelines of the Clerk of Court. Instructions and templates may be found at: www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence.

L.  ENLARGED JURY PANELS

Local Rules require advance approval of the Chief Judge and Jury Office for jury panels exceeding 31 jurors. **To ensure enough jurors are available, requests for enlarged jury panels must be resolved at least six (6) months before Calendar Call**. Failure to timely request an enlarged panel may result in Court-ordered sanctions, including a limitation on peremptory challenges.

M. INTERPRETERS

Unless otherwise ordered by the Court, it shall be the responsibility of the party who needs the services of an interpreter, whether for a litigant or for a witness, to have a competent interpreter present in court.

N. JURY INSTRUCTIONS AND VERDICT FORM

A joint set of proposed jury instructions and a proposed verdict form must be provided to the court no less than **three (3) days before Calendar Call** in a printed form appropriate for submission to the jury and in Microsoft Word format.

If there is an objection to a proposed instruction, the instruction should be followed by the specific objection, a brief explanation, and a citation to legal authority. If an alternative or modified instruction is proposed, it should follow the instruction it is intended to replace.

O. UNIQUE QUESTIONS OF LAW

Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

III. **MEDIATION**

A. MEDIATION REQUIRED

1. All parties are required to participate in mediation.
2. The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.
3. At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of issues as to each party.
4. All communications at the mediation conference are privileged consistent with Florida Statutes sections 44.102 and 90.408.
5. The mediator has no power to compel or enforce a settlement agreement. If a

settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

B. <u>MEDIATION SCHEDULING</u>

**The Plaintiff's attorney is responsible for scheduling mediation**. The parties should agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

C. <u>COMPLETION OF MEDIATION BEFORE CALENDAR CALL</u>

Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than **ten (10) days prior to Calendar Call**. If mediation is not conducted, or if a party fails to participate in mediation, the Court may impose sanctions, including monetary sanctions, striking pleadings and witnesses, and dismissal or default without further notice of the Court.

D. <u>OPPOSITION TO MEDIATION</u>

Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

IV. **<u>NON-COMPLIANCE</u>**

**NON-COMPLIANCE WITH ANY PORTION OF THIS ORDER MAY RESULT IN THE STRIKING OF THE PLEADINGS, WITNESSES, OR EXHIBITS, ENTRY OF DEFAULT OR DISMISSAL WITHOUT FURTHER NOTICE OF THE COURT, OR IMPOSITION OF SUCH OTHER SANCTIONS AS IS JUST AND PROPER.**

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2025-CA-008023-XXXA-MB   08/12/2025
Caryn Siperstein
Judge

A copy of this Order has been furnished to the Plaintiff. The Plaintiff shall serve this Order to the Defendant(s) in compliance with Administrative Order 3.110 (amended).

Case No. 50-2025-CA-008023-XXXA-MB

# ADA NOTICE

This notice is provided pursuant to Administrative Order No. 2.207-7/22

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

Filing # 229313754 E-Filed 08/13/2025 10:32:52 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 50-2025-CA-008023-XXXA-MB

WELLINGTON NATIONAL HOLDINGS, LLC,

      Plaintiff,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

      Defendant.

_____/

## SUMMONS

STATE OF FLORIDA:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint and Notice of Requesting Depositions, in this action on the Defendant:

PHILADELPHIA INDEMNITY INSURANCE COMPANY
c/o Chief Financial Officer as RA
200 E. GAINES ST
TALLAHASSEE, FL 32399-0000

    The Defendant is hereby required to serve written defenses to the Complaint on Plaintiffs' attorney, whose name and address is: Quintana Law, PA, 10281 SW 72nd St, Suite B105, Miami, Florida 33173 within twenty (20) days after service of this summons on the Defendant, exclusive of the day of service and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

    WITNESS my hand and the seal of said court on_____.

As Clerk of the Court

By:_____

NOT A CERTIFIED COPY

FILED: PALM BEACH COUNTY, FL, JOSEPH ABRUZZO, CLERK, 08/13/2025 10:32:52 AM



**JOSEPH ABRUZZO**

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

**RECEIPT**
5911247

Printed On:
08/14/2025 08:11
Page 1 of 1

| Receipt Number: 5911247 - Date 08/14/2025  Time 8:11PM | | | |
|---|---|---|---|
| **Received of:** | Quintana Law, P.A.<br>237 S. Dixie Highway<br>Suite 426, FL 33133 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 10.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 10.00 |
| **Receipt ID:** | 12363247 | **Remaining Balance:** | 0.00 |
| **Division:** | AG: Circuit Civil Central - AG(Civil) | | |

| Case# 50-2025-CA-008023-XXXA-MB -- PLAINTIFF/PETITIONER: WELLINGTON NATIONAL HOLDINGS LLC | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 10.00 | 10.00 | 0.00 |
| **Case Total** | **10.00** | **10.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 15990746 | 10.00 |
| **Total Received** | | **10.00** |
| **Total Paid** | | **10.00** |



**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.

**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

NOT A CERTIFIED COPY

Filing # 229499838 E-Filed 08/15/2025 10:08:46 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 50-2025-CA-008023-XXXA-MB

WELLINGTON NATIONAL HOLDINGS, LLC,

     Plaintiff,

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

     Defendant.

_____/

## **SUMMONS**

STATE OF FLORIDA:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint and Notice of Requesting Depositions, in this action on the Defendant:

PHILADELPHIA INDEMNITY INSURANCE COMPANY
c/o Chief Financial Officer as RA
200 E. GAINES ST
TALLAHASSEE, FL 32399-0000

     The Defendant is hereby required to serve written defenses to the Complaint on Plaintiffs' attorney, whose name and address is:  Quintana Law, PA, 10281 SW 72nd St, Suite B105, Miami, Florida 33173 within twenty (20) days after service of this summons on the Defendant, exclusive of the day of service and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter.  If the Defendant fails to do so, a

FILED: PALM BEACH COUNTY, FL, CLERK OF THE CIRCUIT COURT, 08/15/2025 10:08:46 AM

default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

WITNESS my hand and the seal of said court on **Aug 20 2025**              .

As Clerk of the Court

By:_____

**JOSIE LUCCE**



# RECEIPT

5917701

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
08/20/2025 10:02
Page 1 of 1

| Receipt Number: 5917701 - Date 08/20/2025  Time 10:02AM | | | |
|---|---|---|---|
| **Received of:** | Quintana Law, P.A.<br>237 S. Dixie Highway<br>Suite 426, FL 33133 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 10.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 10.00 |
| **Receipt ID:** | 12369991 | **Remaining Balance:** | 0.00 |
| **Division:** | AG: Circuit Civil Central - AG(Civil) | | |

| Case# 50-2025-CA-008023-XXXA-MB -- PLAINTIFF/PETITIONER: WELLINGTON NATIONAL HOLDINGS LLC | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 10.00 | 10.00 | 0.00 |
| **Case Total** | **10.00** | **10.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 16017796 | **10.00** |
| **Total Received** | | **10.00** |
| **Total Paid** | | **10.00** |



**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.

**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

Filing # 231582885 E-Filed 09/15/2025 03:59:45 PM

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO. 50-2025-CA-008023

WELLINGTON NATIONAL HOLDINGS, LLC,

      Plaintiff,

v.

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION
## OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

The Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PIIC"), hereby gives notice that Michael Simon, Esquire and Jennifer V. Ortega, Esquire with the law firm of Simon, Reed & Salazar, P.A., 9130 South Dadeland Boulevard, Suite 1209, Miami, FL 33156, are counsel of record. All pleadings, notices, filings, and motions, etc. should be served upon Mr. Simon and Ms. Ortega as counsel for PIIC. In addition, in accordance with Florida Rule of Civil Procedure 1.080 the law firm Simon, Reed & Salazar, P.A., hereby designate their Primary and Secondary e-mail addresses and requests that copies of all orders, process, pleadings, and other documents filed or served in this matter be served on it at the Primary and Secondary e-mail addresses listed below, with such service electronically through E-Portal and e-mail complying with Rule 2.516(b)(1)(E).

| **PRIMARY** | **SECONDARY** |
|---|---|
| Michael Simon, Esq.<br>msimon@simonreedlaw.com | Kara Miller<br>kmiller@simonreedlaw.com |
| Jennifer V. Ortega, Esq.<br>jortega@simonreedlaw.com | Kara Miller<br>kmiller@simonreedlaw.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically through E-Portal on this September 15, 2025 with the Clerk of Palm Beach County by using the Florida Courts eFiling Portal and serving and serving via Electronic Service to: Brittany Quintana Marti, Esq., Quintana Law, PA, 10281 SW 72nd St, Suite B105, Miami, FL 33173. bquintana@quintanalawpa.com; paralegal@quintanalawpa.com.

**SIMON, REED & SALAZAR, P.A.**
*Attorneys for Defendant, PIIC*
Two Datran Center - Suite 1209
9130 S. Dadeland Blvd.
Miami, Florida 33156
Tel.: (305) 670-0776
Fax: (305) 670-0731

By: */s/ Jennifer v. Ortega*
MICHAEL SIMON
Florida Bar No. 62790
Primary e-mail: msimon@simonreedlaw.com
Secondary e-mail: kmiller@simonreedlaw.com
JENNIFER V. ORTEGA
Florida Bar No. 028228
Primary e-mail: jortega@simonreedlaw.com
Secondary e-mail: kmiller@simonreedlaw.com

2

Filing # 231582885 E-Filed 09/15/2025 03:59:45 PM

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO. 50-2025-CA-008023

WELLINGTON NATIONAL HOLDINGS, LLC,

      Plaintiff,

v.

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

      Defendant.

_____/

### DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PIIC"), by and through the undersigned counsel, and pursuant to the Florida Rules of Civil Procedure, hereby files its Motion for Extension of Time to Respond to Plaintiff's Complaint, and in support thereof states as follows:

1.      Plaintiff's Complaint was served upon Defendant on August 25, 2025 and the deadline to respond to the Complaint is September 15, 2025.

2.      Undersigned counsel requires additional time to obtain a complete copy of its file, confer with its client and prepare an adequate response to Plaintiff's Complaint.

3.      Accordingly, PIIC respectfully requests an extension of time up and through September 25, 2025 to respond to Plaintiff's Complaint.

4.      Said request is made in good faith, in an abundance of caution and is not intended to delay this matter.

5.      The requested extension will not prejudice the Plaintiff in this matter.

**Rule 1.202 Certificate of Conferral**

Undersigned counsel, Jennifer V. Ortega, certifies that prior to filing this motion, I discussed the relief requested in this motion by email correspondence with Plaintiff's counsel who agrees to the relief requested in this motion.

WHEREFORE, Defendant, PHILADELPHIA INDEMNITY INSURANCE COMPANY, respectfully requests entry of an Order granting this motion and providing Defendant an extension of time through September 25, 2025 to respond to Plaintiff's Complaint.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically through E-Portal on this September 15, 2025 with the Clerk of Palm Beach County by using the Florida Courts eFiling Portal and serving and serving via Electronic Service to: Brittany Quintana Marti, Esq., Quintana Law, PA, 10281 SW 72nd St, Suite B105, Miami, FL 33173. bquintana@quintanalawpa.com; paralegal@quintanalawpa.com.

> **SIMON, REED & SALAZAR, P.A.**
> *Attorneys for Defendant, PIIC*
> Two Datran Center - Suite 1209
> 9130 S. Dadeland Blvd.
> Miami, Florida 33156
> Tel.: (305) 670-0776
> Fax: (305) 670-0731
>
> By: */s/ Jennifer v. Ortega*
>   MICHAEL SIMON
>   Florida Bar No. 62790
>   Primary e-mail: msimon@simonreedlaw.com
>   Secondary e-mail: kmiller@simonreedlaw.com
>   JENNIFER V. ORTEGA
>   Florida Bar No. 028228
>   Primary e-mail: jortega@simonreedlaw.com
>   Secondary e-mail: kmiller@simonreedlaw.com

2

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO. 50-2025-CA-008023

WELLINGTON NATIONAL HOLDINGS, LLC,

     Plaintiff,

v.

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

     Defendant.

_____/

### AGREED ORDER ON DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

**THIS CAUSE** came on to be heard upon Defendant's, PHILADELPHIA INDEMNITY INSURANCE COMPANY ("PIIC"), Motion for Extension of Time to Respond to Plaintiff's Complaint, and the Court noting the parties' agreement, it is hereby,

**ORDERED AND ADJUDGED** that:

1.    Defendant's Motion for Extension of Time to Respond to Plaintiff's Complaint is hereby **GRANTED.**

2.    Defendant shall serve a response to Plaintiff's Complaint on or before September 25, 2025.

**DONE AND ORDERED** at West Palm Beach, Palm Beach County, Florida.

502025CA008023XXXAMB  09/16/2025
Caryn Siperstein
Judge

CASE NO: 50219CA014181XXXXMB

| Name | Address | Email |
|---|---|---|
| BRITTANY L. QUINTANA-MARTI ESQ | 10281 SW 72ND STREET, SUITE B105 MIAMI, FL 33173 | bquintana@quintanalawpa.com; paralegal@quintanalawpa.com; scheduling@quintanalawpa.com; bquintana@insurancelawadvocate.com; bacevedo@insurancelawadvocate.com |